J-A26036-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JAMIYLAH BURNS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BLAKELEY COOPER | : | |
| | : | |
| Appellant | : | No. 895 EDA 2021 |

Appeal from the Order Entered April 2, 2021
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2016-11905

BEFORE: BOWES, J., STABILE, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:        **FILED DECEMBER 09, 2021**

Blakeley Cooper (Appellant) appeals from the order entered in the Montgomery County Court of Common Pleas, denying his motion to strike a judgment entered in favor of Jamiylah Burns (Appellee).[1] Appellant previously appealed from the judgment itself, and this Court affirmed in a published opinion. ***Burns v. Cooper***, 244 A.3d 1231, 1233 (Pa. Super. 2020), *appeal denied*, 252 A.3d 235 (Pa. 2021). Now, Appellant contends: (1) the trial court had no "subject matter jurisdiction" to enter the underlying judgment because Appellee had no causes of action for tortious interference with a contract or defamation; and (2) the trial court failed to determine, as a matter of law, whether the alleged defamatory statement at issue was an opinion.

---

[1] An appeal as of right may be taken from "[a]n order refusing to . . . strike off a judgment." Pa.R.A.P. 311(a)(1).

Because we conclude this appeal is frivolous, we affirm the order on appeal, and remand the case to the trial court for the imposition of attorneys' fees and costs upon Appellant's counsel.

The relevant facts and procedural history underlying the November 1, 2019, judgment were summarized by this Court in a prior opinion as follows. In December of 2015, while Appellant and Appellee were involved in a contentious divorce, Appellee visited family in Washington, D.C. *Burns*, 244 A.3d at 1233. During that visit, her car was broken into and valuables were stolen. *Id.* She reported the incident to both the police and her insurance carrier, Erie Insurance Company (Erie). *Id.* Because the insurance policy was in the names of both Appellee and Appellant, Erie "required Appellant to join in the claim." *Id.* at 1234. Appellant, however, refused to do so, and told Erie's claim representative he did not believe the incident occurred. *Id.* He further stated "Appellee 'was a liar who could not be trusted[.]'" *Id.* at 1237. As a result, the claim representative referred the matter to Erie's fraud investigation section. *Id.* at 1234, 1238. During the ensuing investigation, Appellee was required to take time off work, sit for a deposition, and retain counsel. *See id.* at 1239-40.

On June 13, 2016, Appellee filed the underlying lawsuit, asserting claims for defamation and tortious interference with a contract against Appellant, and breach of contract and bad faith against Erie. Sometime after the action was filed, Erie paid Appellee's insurance claim, and the claims against Erie were either settled or dismissed before trial. *Burns*, 244 A.3d at 1234 n.3.

- 2 -

In July of 2018, Appellant filed a motion for summary judgment, asserting Appellee failed to present any facts to support her allegations. **See** Appellant's Motion for Summary Judgment, 7/16/18, at 1. In his brief accompanying the motion, Appellant argued, *inter alia*, the alleged defamatory statement was "simply . . . his opinion of what had occurred" and, therefore, not actionable. **See** Appellant's Brief in Support of Motion for Summary Judgment, 7/16/18, at 17-18. The trial court denied Appellant's motion by order entered October 30, 2018.[2] Relevant herein, the court determined Appellant's statement, that Appellee "was a liar who could not be trusted[,]" was capable of a defamatory meaning. Order, 10/30/18, at 2 n.3.

The case against Appellant proceeded to a jury trial. On June 20, 2019, the jury returned a verdict in favor of Appellee on both counts. **See** Verdict Sheet, 6/20/19, at 1. The jury awarded Appellee $55,000 in compensatory damages and $20,000 in punitive damages. **Id.** at 1-2. Appellant filed a timely post-trial motion, followed by an appeal to this Court.[3]

---

[2] The order also disposed of summary judgment motions filed by Appellee and Erie. **See** Order, 10/30/18, at 1-2 (granting in part and denying in part Erie's motion for summary judgment, and granting Appellee's motion for summary judgment concerning a counterclaim for abuse of process filed by Appellant).

[3] Judgment was entered on the verdict on November 1, 2019, after Appellant improperly filed a notice of appeal from the order denying his post-trial motion. **See Burns**, 244 A.3d at 1233 n.1 ("Although an appeal from an order denying post-trial motions is interlocutory, where judgment is subsequently entered, the appeal is "treated as filed after such entry and on the date thereof."), *citing* Pa.R.A.P. 905(a)(5).

On appeal, Appellant raised the following three claims: (1) the trial court erred when it failed "to determine before trial, and as a matter of law, whether any statements made by [him] were capable of a defamatory meaning[;]" (2) the evidence was insufficient to support the jury's verdict for defamation because Appellee "failed to prove 'the statement's recipient — the insurer — understood the statement to have a defamatory meaning[;]" and (3) the evidence was insufficient to support the jury's verdict for tortious interference with a contract because the insurer paid Appellee's claim, and thus, she had no actual damages. *See Burns*, 244 A.3d at 1235, 1237, 1239 (footnote omitted).

This Court affirmed the judgment in a published opinion. With respect to Appellant's first claim, the panel determined the trial court did not "shirk[ ] its duty[,]" but rather properly "considered in the first instance whether the challenged statement was capable of having a defamatory meaning as a question of law when it ruled on Appellant's summary judgment motion." *Burns*, 244 A.3d at 1237. Next, the panel concluded the evidence supported the jury's determination that "the defamatory meaning of Appellant's statement was understood by Erie representatives." *Id.* at 1238. The *Burns* Court reasoned that Erie conducted a "full investigation into whether Appellee's claim was fraudulent" in response to Appellant's statement to an Erie representative that Appellee "was a liar who could not be trusted." *Id.*

With regard to Appellant's third claim — which challenged the jury's verdict for tortious interference with a contract — the panel concluded "the

jury could reasonably find Appellee suffered 'actual damage' as a result of Appellant's defamatory statement, notwithstanding the fact that Erie eventually paid out on Appellee's insurance claim." *Burns*, 244 A.3d at 1239. These damages included, but were not limited to, the additional attorney's fees she incurred due to the fraud investigation. *Id.* at 1240. Appellant petitioned the Pennsylvania Supreme Court for *allocatur* review, which was denied on April 6, 2021. *See Burns*, 252 A.3d 235.

Meanwhile, Appellee sought to execute on the judgment in the trial court. On June 8, 2020, she filed a *praecipe* for writ of execution. Thereafter, on December 21, 2020, Appellee filed a motion requesting the trial court compel Appellant to provide responses to previously served interrogatories in aid of execution of the judgment. *See* Appellee's Motion to Compel [Appellant's] Discovery Responses, 12/21/20. The trial court granted Appellee's motion by order entered March 16, 2021.

On April 1, 2021 — five days before the Supreme Court denied his petition for *allocatur* review of his prior appeal — Appellant filed, in the trial court, the underlying motion to strike both the November 2019 judgment and the court's March 16th order. *See* Appellant's Motion to Have Judgment (Filed November 1, 2019) and Order Dated March 16, 2021 Stricken, 4/1/21. Appellant averred the trial court improperly permitted the jury to determine whether his statement was an opinion (which is not actionable), when the court itself should have made that determination as a matter of law. *See id.* at 2-4. Because this action "was outside [the trial court's] subject matter

- 5 -

jurisdiction[,]" Appellant insisted the judgment was "void," and could be stricken at any time. *Id.* at 4-5. Accordingly, despite this Court's affirmance of the judgment on appeal, he moved to strike both the judgment, and in turn, the court's March 16th order compelling him to answer Appellee's interrogatories in aid of execution on that judgment.

The trial court denied Appellant's motion the next day. *See* Order, 4/2/21. This timely appeal follows.[4]

Appellant raises three questions on appeal:

1. A tortious interference with a contract requires that the contract **not** be performed. In this case, the contract **was** performed, yet the trial court entered judgment for tortious interference with the contract. Could the trial court enter such judgment?

2. If a statement that is alleged to be defamatory is an opinion, the statement (opinion) is not actionable. In this case, [Appellee] admits that [Appellant's] statement is an opinion, yet the trial court entered judgment for defamation. Could the trial court enter such judgment?

3. When a statement is alleged to be defamatory, the trial court must determine, as a matter of law, whether the statement is an opinion because an opinion is not actionable. In this case, the trial court did not make such determination; instead, the trial court had such determination (of law) made by the jury, which action led to judgment for defamation. Could the trial court have such determination (of law) made by the jury?

Appellant's Brief at 4.

---

[4] Appellant complied with the trial court's directive to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Preliminarily, we emphasize that the appeal before us is not from the underlying judgment. Rather, this Court **affirmed** the judgment in our August 2020 opinion.[5] ***See Burns***, ***supra***. Instead, Appellant appeals from the post-appeal order of the trial court denying his motion to strike the judgment, ostensibly for lack of subject matter jurisdiction. As we discuss ***infra***, however, Appellant is merely attempting to get a "second bite of the apple" in the courts.

A trial court may grant a petition to strike a judgment "only for a fatal defect or irregularity appearing on the face of the record." ***Digital Commc'ns Warehouse, Inc. v. Allen Invs., LLC***, 223 A.3d 278, 284 (Pa. Super. 2019) (citation omitted).

> "[A] petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief."

***Id.*** at 285 (citations omitted). ***See Resolution Trust Corp. v. Copley Qu-Wayne Assocs.***, 683 A.2d 269, 273 (Pa. 1996) ("[I]f the truth of the factual averments contained in [the] record are disputed, then the remedy is by a proceeding to open the judgment and not to strike.").[6] Our review of an order

---

[5] We reiterate that the Pennsylvania Supreme Court denied Appellant's request for *allocatur* review of that decision. ***See Burns***, 252 A.3d 235.

[6] By referring to a petition to open judgment, we do **not** encourage Appellant to file such a petition in the trial court in a **third attempt** to undermine the jury's verdict. In fact, our research reveals no authority permitting a party to file a petition to open a judgment entered upon a **jury verdict** which has been
*(Footnote Continued Next Page)*

denying a motion to strike a judgment "is limited to a determination of whether the record as filed by the party [seeking to uphold the] judgment is sufficient to sustain the judgment." *First Union Nat. Bank v. Portside Refrigerated Servs., Inc.*, 827 A.2d 1224, 1227 (Pa. Super. 2003).

Here, Appellant contends the "fatal defect" on the face of the November 2019 judgment is the trial court's lack of **subject matter jurisdiction**. Applying circular reasoning and a tortured interpretation of case law, Appellant insists the trial court had no authority to enter judgment on either of Appellee's claims because Appellee "had no cause of action." Appellant's Brief at 37, 48. He maintains Appellee's contract claim was deficient because "the contract **was** performed[,]" and the defamation claim was flawed because trial court shirked its duty by refusing to determine, as a matter of law, if the statement was a non-actionable opinion, a fact which he claims Appellee later admitted. *See id.* at 37, 44-48.

_____

**affirmed** on appeal. Rather, a petition to open is appropriate after a judgment has been confessed, or entered following *non pros* or default. *See Neducsin v. Caplan*, 121 A.3d 498, 506 (Pa. Super. 2015) (party may petition to open confessed judgment by (1) promptly filing petition, (2) alleging meritorious defense; and (3) producing sufficient evidence to submit case to jury); *Bartolomeo v. Marshall*, 69 A.3d 610, 613 (Pa. Super. 2013) (party may petition to open judgment of non-pros by (1) promptly filing petition to open, (2) providing reasonable excuse for delay, and (3) demonstrating facts exist to support cause of action); *Myers v. Wells Fargo Bank, N.A.*, 986 A.2d 171, 175–76 (Pa. Super. 2009) (party may petition to open default judgment by (1) promptly filing petition to open, (2) providing reasonable excuse for failing to respond to complaint, and (3) pleading meritorious defense).

Nevertheless, the fatal flaw in Appellant's claim is that none of his arguments implicates, as he claims, the trial court's subject matter jurisdiction. "[J]urisdiction of the subject matter is conferred by the Commonwealth's Constitution and laws." ***Heath v. W.C.A.B. (Pennsylvania Bd. of Prob. & Parole)***, 860 A.2d 25, 29 (Pa. 2004). "Jurisdiction lies if the court had power to enter upon the inquiry, not whether it might ultimately decide that it could not give relief in the particular case." ***In re Est. of Ciuccarelli***, 81 A.3d 953, 958 (Pa. Super. 2013) (citation omitted).

> "The assessment of 'whether a court has subject matter jurisdiction inquires into the competency of the court to determine controversies of the general class to which the case presented for consideration belongs.'" The pertinent consideration is whether the court could "'enter upon the inquiry, not whether it might ultimately decide that it was unable to grant the relief sought in the particular case.'"

***Domus, Inc. v. Signature Bldg. Sys. of PA, LLC***, 252 A.3d 628, 636 (Pa. 2021) (citations omitted).

Appellant's claims concerning purported deficiencies in Appellee's causes of action implicate the sufficiency of the evidence presented by Appellee, not the **authority** of the trial court to enter a judgment. ***See Guzek v. Empire Wholesale Co.***, 151 A.2d 470, 471 (Pa. 1959) ("A demurrer to a complainant's averments of fact, on the ground that they do not support the asserted cause of action, does not raise a jurisdictional question."). Moreover, with regard to his assertion that the trial court improperly directed the jury to determine, as a matter of law, whether the alleged defamatory statement was an opinion, Appellant made a similar argument before the trial court in his

post-trial motion. *See* Appellant's Motion for Post-Trial Relief, 7/3/19, at 8 ("Because the Court had the jury do what only the Court could do, [*i.e.*, determine whether Appellant's statements were capable of a defamatory meaning,] the Court acted outside its subject matter jurisdiction."). In a prior opinion, the trial court characterized this argument as "frivolous." *See* Trial Ct. Op., 1/17/20, at 5 n.6. The court stated it was "not aware of any authority that the allocation of functions between the judge and jury is a matter of the [trial c]ourt's subject-matter jurisdiction." *Id.* We agree. In fact, Appellant provides no authority for his tortured interpretation of subject matter jurisdiction case law.

Thus, because Appellant has failed to identify a fatal defect on the face of the record, we affirm the trial court's ruling denying his motion to strike the judgment. Nevertheless, we would be remiss if we did not comment on the other deficiencies in this appeal, and address Appellee's request for sanctions.

First, we note that Appellant did **not** challenge the contract claim in his motion to strike. Accordingly, for that reason alone, the argument is waived. *See* Pa.R.A.P. 302 ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").[7]

Second, Appellant's arguments in this appeal are very similar to those presented in his prior appeal — where he was represented by the **same**

---

[7] As explained above, we reject Appellant's contention that his claim is a non-waivable challenge to the trial court's subject matter jurisdiction.

**counsel**. To the extent the challenges are distinct — the first appeal challenged trial court's failure to determine if Appellant's statement was **capable of defamatory meaning**, and the present appeal challenges the trial court's purported failure to determine if statement was an **opinion** — Appellant's present claim is barred because he failed to raise it in his first appeal. **See Mariner Chestnut Partners, L.P. v. Lenfest**, 152 A.3d 265, 286 (Pa. Super. 2016) ("Under the doctrine of *res judicata*, . . . 'a final judgment on the merits by a court of competent jurisdiction will bar any future action on the same cause of action between the parties and their privies[,' and] forbid[ ] further litigation on '**all matters which might have been raised and decided** in the former suit, as well as those which were actually raised therein.'") (citation omitted and emphasis added).

Third, Appellant's contention that Appellee **admitted** the statement was a non-actionable opinion is simply untrue. Appellant cites to various filings by Appellee in which she allegedly acknowledged that Appellant "did not possess any information . . . as to whether this incident did or did not occur" and that he had "'zero' knowledge of the facts" related to her claim. **See** Appellant's Brief at 42-43, *citing* Appellee's Brief in Response to Appellant's Motion for Summary Judgment, 8/15/18, at 5; Appellee's Response to Appellant's Post-Trial Motion, 7/9/19, at 3. However, a review of those filings reveals Appellee made those comments in reference to the egregious nature of Appellant's defamatory statement. She referenced **Appellant's admission** that, despite the fact he told Erie's claim representative he did not believe the incident

occurred and that Appellee was a "liar who could not be trusted," he "admitted in his deposition" that he did not have any information regarding the theft. **See** Appellee's Brief in Response to Appellant's Motion for Summary Judgment, 8/15/18, at 5; Appellee's Response to Appellant's Post-Trial Motion, 7/9/19, at 3. Moreover, contrary to Appellant's assertion that **no** opinion can support a claim for defamation, we note that "[a] statement in the form of an opinion is actionable . . . if it may reasonably be understood to imply the existence of **undisclosed** defamatory facts justifying the opinion." **Kuwait & Gulf Link Transp. Co. v. Doe**, 216 A.3d 1074, 1086 (Pa. Super. 2019) (citation omitted), *appeal denied*, 226 A.3d 92 (Pa. 2020). The trial court properly charged the jury on this proposition of law. **See** N.T., Jury Trial, 6/19/19, at 214.

Lastly, we address Appellee's request for sanctions against Appellant because, she asserts, this appeal "was filed in bad faith and amounts to frivolous, obdurate, and vexatious litigation[.]" **See** Appellee's Brief at 2, 10. **See also** Trial Ct. Op., 7/21/21, at 10 ("Even if [Appellant] himself does not understand the appellate process, it is expected that his counsel exercise 'the legal professionalism to take no for an answer in a court of law.'").

Pennsylvania Rule of Appellate Procedure 2744 permits an appellate court to award counsel fees and delay damages "if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious." Pa.R.A.P. 2744. The Rule further provides, "The appellate court may remand

the case to the trial court to determine the amount of damages authorized by this rule." ***Id.***

This Court is reluctant to impose Rule 2744 costs and damages so as "to avoid discouraging litigants from bringing appeals for fear of being wrongfully sanctioned." ***Menna v. St. Agnes Med. Ctr.***, 690 A.2d 299, 304 (Pa. Super. 1997). Thus, the standard for determining whether an appeal is frivolous is high: "[A]n appeal is not frivolous simply because it lacks merit[; r]ather, it must be found that the appeal has no basis in law or fact." ***Id.***

We conclude the counseled appeal filed in the present case meets this high standard. Indeed, Appellant's counsel had no basis in law or fact to file the motion to strike the judgment, let alone appeal the trial court's denial of that motion. Thus, we are compelled to impose sanctions upon counsel for their vexatious prosecution of this frivolous appeal. We remand this case to the trial court for the calculation and imposition of attorneys' fees and costs incurred by Appellee in this appeal. ***See Wallace v. State Farm Mutual Automobile Insurance Co.***, 199 A.3d 1249, 1257 (Pa. Super. 2018).

Order affirmed. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 12/9/2021*